NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-448

N.M.

vs.

B.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an abuse prevention order issued against her under G. L. c. 209A.  She argues that the evidence was insufficient to show that the plaintiff was suffering from abuse as defined in the statute.  We agree and thus vacate the c. 209A order, dated June 17, 2022.[1]

Background.  The plaintiff is married to the defendant's brother, R.M.  In an affidavit supporting her complaint for a c. 209A order against the defendant, the plaintiff described the following two incidents:  the defendant came to her workplace, "want[ing] to make [an] appointment with [her]"; and the defendant came to her and R.M.'s house and tried to open the

_____

[1] The plaintiff did not file a brief or otherwise participate in the appeal, as is her right.

door.  A temporary order issued ex parte, and a two-party hearing was held a few days later.

Both parties appeared pro se and testified at the two-party hearing, as did R.M., who had sought his own c. 209A order against the defendant.  When the judge asked the plaintiff why she was in fear of imminent serious harm from the defendant, the plaintiff cited the incident where the defendant came to her workplace.  The plaintiff testified that she never told the defendant where she worked and it "surprised" her when the defendant showed up.  In response the defendant testified that she went to see the plaintiff because she was concerned about statements that the plaintiff had purportedly made about being abused by R.M.

Later in the hearing, the plaintiff briefly described the incident where the defendant showed up at her house, stating that she saw the defendant walking outside and then heard her banging on the door.  Both the plaintiff and R.M. also testified that the defendant shut off the electricity to their house on one occasion.  When the judge asked the defendant to explain, she stated that she was at the house with her (and R.M.'s) mother, noticed an issue with the heating in one of the bedrooms, and "reset" the circuit breaker to fix it.

At the conclusion of the hearing, the judge asked R.M. whether he was in fear of the defendant.  R.M. replied, "[I]t's

2

my wife . . . and my child that I'm worried about."  The judge
then denied R.M.'s request for a c. 209A order, while at the
same time issuing a c. 209A order on behalf of the plaintiff.
The judge explained that he was doing so because of the
plaintiff's "concern . . . and her fear approaching work."[2]

Discussion.  Under G. L. c. 209A, § 3, "[a] person
suffering from abuse" by a family or household member may file a
complaint seeking protection from such abuse.  The statute
defines "abuse" as "attempting to cause or causing physical
harm," "placing another in fear of imminent serious physical
harm," or "causing another to engage involuntarily in sexual
relations by force, threat or duress."  G. L. c. 209A, § 1.  For
a c. 209A order to issue based on "fear of imminent serious
physical harm" -- the only form of abuse at issue here -- the
plaintiff must prove by a preponderance of the evidence that her
"apprehension that force may be used [was] reasonable."  Carroll
v. Kartell, 56 Mass. App. Ct. 83, 87 (2002).  See Vittone v.
Clairmont, 64 Mass. App. Ct. 479, 485-486 (2005).

We agree with the defendant that the plaintiff did not meet
her burden.  The plaintiff presented no evidence that the

---

[2] While the judge directed the defendant not to contact the
couple's child and to stay away from his daycare, the c. 209A
order itself was issued on behalf of the plaintiff only.  The
judge acknowledged at the hearing that "[n]obody's accusing [the
defendant] of anything bad with the child at all."

defendant ever threatened her, either directly or indirectly, with physical harm. The plaintiff's "surprise[]" at the defendant's showing up to her workplace does not constitute fear of imminent serious physical harm. See Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998) ("Generalized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress from vexing but nonphysical intercourse, when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm"). To the extent the plaintiff subjectively feared that the defendant would use physical force, that fear was not reasonable absent any evidence that the defendant threatened or had previously attempted to harm her. See Carroll, 56 Mass. App. Ct. at 86-87 (defendant's "persistent phone calls and other unsolicited efforts to contact [plaintiff]" did not support a reasonable fear of imminent serious physical harm where plaintiff "identified no particular menacing language or gesture suggesting she was in imminent peril of physical force being used against her").

As we read the judge's ruling, it was based solely on the workplace incident and not on the other two incidents that occurred at the house. This is supported by the fact that the judge declined to issue a c. 209A order as to R.M. In any event, assuming that the other two incidents factored into the

4

judge's decision and that they caused the plaintiff to fear imminent serious physical harm, we conclude that her fear was not objectively reasonable for the same reasons as those stated above.

Conclusion. The G. L. c. 209A order dated June 17, 2022, is vacated, and the case is remanded to the District Court for the entry of an order directing the appropriate law enforcement agency to destroy all records of the vacated order in accordance with G. L. c. 209A, § 7, third par.

So ordered.

By the Court (Desmond, Shin & Singh, JJ.[3]),

Assistant Clerk

Entered: February 7, 2024.

---

[3] The panelists are listed in order of seniority.